PATRICK JOSEPH DUFFY, BY HIS NEXT FRIEND, WILLIAM H. MARLEY, Respondent, v. THE MISSOURI PACIFIC RAILWAY Co., Appellant.

Kansas City Court of Appeals, November 23, 1885.

1. NEGLIGENCE — LIABILITY FOR, EVEN IN CASE OF CONTRIBUTORY NEGLIGENCE BY PLAINTIFF.—In an action against a railroad company, for injury received from a railroad train, although the plaintiff may have been guilty of contributory negligence in crossing the railroad track of defendant, yet defendant is liable for the injury inflicted on the plaintiff, if it could have been prevented by the exercise of reasonable care on the part of defendant's officers and agents, after the discovery of the danger in which the plaintiff was placed; or if the defendant failed to discover the danger through its gross recklessness or carelessness.

2. ——— WHAT CONSTITUTES—CASE ADJUDGED.—Where it was shown by the evidence that the train by which plaintiff was injured, was at the time being run at an unusual and reckless speed; and no warning of the approach of the train was given by the sounding of a bell or blowing of a whistle, or otherwise; and said train was being run in a thickly settled district where persons were accustomed to cross and re-cross; and an instruction was given that the jury may take into consideration all such facts as tending to show negligence on the part of defendant. Held, this was a proper declaration of law and was justified by the evidence.

3. ——— DUTY AND LIABILITY OF TRAIN UPON ENTERING CITY.—It was the duty of the defendant, through its officers in charge of the train, on its approach to and entrance into the limits of a crowded city, to observe due caution and prudence, and to use all reasonable efforts to prevent injury to persons who might be on the track, and any failure in this respect, caused by gross neglect, without contributory negligence upon the part of the person injured, would make the defendant liable to such person.

4. ——— DEGREE OF CARE IN THE CASE OF AN INFANT—RULE IN THIS STATE.—The law does not require from a child the same discretion and prudence which should be exercised by an adult, and regard must be had to the age, intelligence and discretion of the plaintiff and the circumstances connected with the injury. It is held in this state, "that the same rigid rule in determining what would be a bar to an action on the ground of contributory negligence would not be applied to an infant. All that is necessary to give a right of action for an injury inflicted, is that the injured person should have exer-

cised care and prudence equal to his capacity." *O'Flaherty v. R. R.*, 45 Mo. 70.

5. INSTRUCTIONS—COMMON ERROR CANNOT BE COMPLAINED OF.—If one has joined in committing error in an instruction asked of the trial court, he is in no condition to complain of it in this court.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Affirmed.*

Statement of case by the court.

This was an action brought by the plaintiff by his next friend to recover damages for injuries sustained by him within the corporate limits of the City of Kansas, on the 5th day of February, 1870, by reason, as he alleges, of being struck by one of defendant's locomotives running at a reckless rate of speed, of not less than fifteen or eighteen miles an hour, wilfully and maliciously, without giving any notice at all of its approach, whereby one of his feet was run over and had to be amputated.

The answer was a general denial, and in addition thereto set up contributory negligence on the part of plaintiff, and averred that he was clinging to one of defendant's cars while in motion, and in endeavoring to get off, slipped and fell, and extended his leg on defendant's rail, and it was run over.

The plaintiff gave evidence tending to prove that the train was running from fifteen to eighteen miles an hour; that in crossing the track from the river side to the other, he was struck by the engine; that no whistle or bell was sounded.

The evidence of plaintiff tended to show also that the track from where he was hurt was straight for one-half mile or a mile; that it was in the day time; that plaintiff was a bright, active boy, nine years of age, with all of his senses, perfectly familiar with the tracks and the cars at that point and of the danger which attended crossing them. His mother testified: "He (the son) was a hearty, active boy, a good scholar and minded

her; he was a shrewd, sharp boy; he was very much afraid of the railroad track, and he never went near it only the time of his injury, and he frequently cautioned me when I went near the railroad."

Plaintiff's evidence further tended to show that he lived with his mother near the defendant's track and had for several months; that on the day of the accident, he had been visiting and in returning home, before going into the house, he went across the track down towards the river to attend a call of nature, and was approaching the track from the river on his return; that he crossed the track nearly at right angles; that just as he had gotten across the track, and was taking his foot off the rail, he was struck by an engine which was pulling a freight train containing, according to the estimate of some of the witnesses, twenty-five or thirty cars. At the point of injury there was a fill on the lower side, or side next to the river, the fill was ten or twelve feet; on the upper side it was only one and one-half or two feet, the difference in the fill caused by the slope of the hill to the river. That in crossing the track in the first place he went beyond it "about the width of the street."

The defendant's evidence tended to show that the train was engaged in switching at or near the point of injury, and that the plaintiff, with other boys, was engaged in climbing on the cars for the purpose of playing, and in answer to a banter the boys had made to one another when the train was coming up. That the train approached the switch at about fifteen miles per hour, and that the bell was rung as usual in going through the city.

The court gave the following instructions for plaintiff:

"1. That, notwithstanding the plaintiff may have been guilty of contributory negligence in crossing the railroad track of the defendant at the time and place of the injury, yet the defendant is liable for the injury inflicted on the plaintiff, if the defendant could have prevented it by the exercise of reasonable care on the part of defendant's officers and agents after the discovery of the danger in which the plaintiff was placed, or if the de-

fendant failed to discover the danger through its own gross recklessness or carelessness."

"2.   That if the jury believe from the evidence that the train or car by which plaintiff was injured was at the time being run at an unusual and reckless speed, and that no warning of the approach of the train was given by the sounding of a bell or blowing of whistle or otherwise, and that said train was being run in a thickly settled district where persons were accustomed to cross and recross, they may take into consideration all such facts as tending to show and prove negligence upon the part of the defendant."

"3.   That the law does not require from a child of tender years that degree of care and caution which it demands from a person of mature years, and the jury are to judge this case in the light of the evidence, having regard to the age, knowledge and discretion of the plaintiff and the circumstances surrounding the plaintiff at the time of the injury."

"4.   That it was the duty of the defendant, through its officers in charge of the train, on its approach to and entrance into the limits of a crowded city, to observe due caution and prudence, and to use all reasonable efforts to prevent injury to persons who might be on the track, and any failure in this respect, caused by gross neglect without contributory negligence upon the part of the person injured, would make the defendant liable to such person."

"5.   If the jury find for the plaintiff, they have a right in estimating his damages, to take into consideration the nature of his injury, whether permanent or otherwise, and any pain, agony or suffering he may have endured consequent upon the injuries received, and on the whole case, to award him such sum as in their judgment will be full compensatory damages under all the facts of the case, not exceeding the sum of $2,000."

The court gave the following for defendant:

"1.   The jury are instructed that the plaintiff cannot recover until he proves by preponderance of evidence that he was injured by the negligence of the defendant,

and then he must at the time have been free from negligence himself, which directly contributed to his injuries ; but as to what will constitute contributory negligence on the part of the plaintiff, you will consider his age, knowledge and discretion, and if you believe the plaintiff had that knowledge by which he knew the danger of the locality and knew how to avoid the same, then he is bound to the exercise of that knowledge, and a failure so to do constitutes contributory negligence on his part."

"2. The jury are instructed that if at the time plaintiff was injured, he and the defendant were both to blame, were both in fault, and were both guilty of negligence which contributed directly to plaintiff's injuries, then the jury must find for the defendant."

"3. The jury are instructed that it was the duty of the plaintiff, if possessed of that knowledge as mentioned in the first instruction, when about to cross the defendant's railroad track at the time he was injured, to use his eyes and ears to discover the approach of defendant's train, and if he failed to do so and was injured thereby, then you must find your verdict for defendant."

"5. The burden of the proof is on the plaintiff, and to entitle him to recover he must prove to the satisfaction of the jury, by the preponderance of the evidence, that he was injured by the negligence or unskilfulness of the employes of the defendant in running and managing the locomotive of defendant, and that he, the plaintiff, was not at the time guilty of any negligence which directly contributed to the cause of his injury."

"6. The jury are instructed that if they believe from the evidence that the plaintiff was injured while attempting to get upon or attach himself to one of defendant's moving cars ; that plaintiff was not an employe upon any of defendant's engines or cars, or was not a regular passenger thereon, and in so doing either carelessly or accidentally slipped and fell, and his foot was caught and crushed by the wheels of defendant's cars ; then the plaintiff cannot recover, and they will find a verdict for the defendant."

"7.   The jury are instructed that plaintiff had no right to be upon the defendant's track at the time when and the place where he was injured, and having voluntarily put himself in a place of danger, it was his duty to exercise a degree of care proportionate to the danger he had so placed himself in, and if he failed to do so, then you must find for the defendant."

The court refused the following for defendant :

"1.   The defendant asks the court to declare the law governing this case to be that under the pleadings and evidence in this cause the plaintiff cannot recover."

"2.   If the jury believe from the evidence, that from the point on defendant's track, where plaintiff was injured, there was a plain view of the track from one-half to a mile east ; that plaintiff entered upon defendant's track when the approaching locomotive and train of cars were so near to him that he was struck before he could cross the track ; these facts constitute such negligence and want of ordinary care and prudence, as will preclude his recovery in this action, and they will find for the defendant notwithstanding they may further believe from the evidence that the locomotive and train of cars were running at a negligent rate of speed, and that there was no whistle sounded or bell rung."

"3.   Although the jury may believe from the evidence that people in the neighborhood were in the habit of crossing defendant's track at the place where the accident occurred, and that defendant or its servants and employes were aware of the fact, plaintiff nevertheless had no right to walk on or across said track ; and if the jury believe that plaintiff did attempt to cross the same, then they are instructed that upon approaching the track and while crossing it it was plaintiff's duty to vigilantly * * * his senses in looking out for the approach of engine and cars ; and if the jury believe from the evidence that when approaching the track, or while crossing the * * * he failed to use his senses, and in consequence of such failure to use his senses he was injured,

VOL. XIX—25

then they are instructed that the plaintiff cannot recover, and the verdict must be for the defendant."

The jury found a verdict for plaintiff for $1,200, and defendant appeals.

THOS. J. PORTIS and ADAMS & BOWLES, for the appellant.

I. The plaintiff's own negligence directly contributed to the injury, and the court erred in not sustaining defendant's demurrer to the evidence, and, also, in refusing defendant's instruction directing the jury to find for defendant. *Powell v. R. R.*, 76 Mo. 80 ; *Lenix v. R. R.*, 76 Mo. 86 ; *O'Donnell v. R. R.*, 7 Mo. App. 190 ; *R. R. v. Campan*, 35 Mich. 468 ; *Artz v. R. R.*, 34 Iowa 153 ; *R. R. v. Houston*, 95 U. S. 697 ; *Sullivan v. R. R. Co.*, 85 Mo. ——.

II. There was no evidence whatever of wilful negligence, as charged, or of malice. There was no issue to be left to the jury, as to the age, knowledge or discretion of plaintiff. The plaintiff was a trespasser, and although an infant was chargeable with contributory negligence. *R. R. v. Schwendling*, Sup. Ct. Pa. ; 8 Am. & Eng. R. R. Cases 544 ; *Burke v. R. R.*, 34 Howard (N. Y.) 239 ; *R. R. v. Speason*, 47 Pa. St. 300 ; *Kelly v. Henden*, 26 Mich. 255.

III. There was no issue as to the age or discretion of plaintiff to be left to the jury ; all of plaintiff's undisputed testimony established he was *sui juris*. *Oldfield v. Harlem R. R.*, 14 N. Y. 310 ; *Barksdale v. R. R.*, 23 La. Ann. 180 ; *Lynch v. Smith*, 104 Mass. 53 ; *Wendell v. N. Y. C. Ry. Co.*, 91 N. Y. 420.

D. S. TWITCHELL and THOS. P. FENLON, for respondent.

I. The evidence fully warrants and sustains the verdict of the jury and the judgment of the court. The instructions for the plaintiff declare the law correctly; and are as favorable to defendant as the law and facts warrant.

II. There is a conflict in the evidence as to the way in which plaintiff was injured, but the question of negligence is a fact to be submitted to the jury, and was so fairly submitted by the instructions. *Mauerman v. Seinerts*, 71 Mo. 101.

III. This court will not undertake to weigh the evidence, and the case will be affirmed unless the court committed error in declaring the law to the jury. *Allen v. Jones*, 50 Mo. 206 ; *Irwin v. Riddlesberger*, 29 Mo. 340 ; *Doring v. Saum*, 56 Mo. 479 ; *Brown v. R. R.*, 50 Mo. 461 ; 75 Mo. 138.

IV. The instructions cover every point made by defendant at the trial, and the jury had the right to find that a boy less than nine years of age should not be held responsible for the same degree of care as a person of mature years and understanding. 65 Mo. 596 ; *Cosgrove v. Ogden*, 49 N. Y. 255 ; *Boland v. R. R.*, 36 Mo. 484.

V. Conceding that plaintiff was a trespasser, yet it was the duty of defendant to exercise ordinary care to avoid injuring plaintiff. *Hicks v. R. R.*, 64 Mo. 430 ; *Tebell v. R. R.*, 60 Mo. 475.

ELLISON, J. — From the evidence in this cause, it is clear there is no room for mistake between the parties. The plaintiff alleges and offers evidence tending to prove that he was injured while just stepping off the track directly in front of the train and in full view of those on the train, or if not in view, the defendant's servants were not looking.

The defendant says plaintiff was not on the track at all ; was not in front of the train, but was climbing on some cars back of the engine, and missing his hold in some way, fell, one foot getting caught under the car wheel.

From the verdict of the jury under the instructions, we are bound to conclude that they found the facts to be as plaintiff's evidence tended to show them, that is, he was hurt by the engine, as he was crossing the track in its front. We are further to conclude that defendant's

agents did not see plaintiff, although it is conceded that the track was clear and straight without obstruction for from one-half to a mile, or if they did see him, they did not undertake to stop the train or give any alarm signal. We conclude further that the jury have found that plaintiff was not, considering his age, guilty of contributory negligence sufficient to bar his action. Defendant does not pretend that it undertook to stop the train, or that it gave any alarm, or that it tried to avoid the accident, because it says plaintiff was not on its track or in front of its train.

With this statement we will examine the instructions, to see if they have laid down the law with substantial correctness. The first instruction for plaintiff has been approved in a number of cases from the supreme court of this state, and the evidence justified it being given in this case. *Kelly v. Ry. Co.*, 75 Mo. 138, and cases therein cited by Judge Henry ; *Frick v. Ry. Co.*, 75 Mo. 608. The second instruction was justified by the evidence in this cause, and was a proper declaration as has been repeatedly held. *Pennsylvania Ry. Co. v. Lewis*, 79 Pa. St. 33. And the same may be said of the fourth. The fifth as to damages is correct, and is not complained of.

Aside from the refusal of defendant's instructions, the only remaining question is as to the propriety of giving the third instruction for plaintiff.

There is no doubt that a child, though old enough to go about, will, when very young, be held incapable of contributory negligence as a matter of law. *Kay v. Ry. Co.* (65 Pa. St. 269), where the child was nineteen months old ; *Mascheck v. Ry. Co.* ( 3 Mo. App. 600 ), where the child was three years old. And it would, doubtless, also be held, in a proper case, that though not an adult, his age may be such, in connection with the circumstances, that he would be considered as of sufficient discretion to be adjudged capable of contributing to his own injury, as a matter of law. The difficulty in cases of infantile negligence, is in regard to that age when it cannot

be said that its capacity is such that it should, or should not be held responsible as an adult. In such cases, as in all others where the matter is uncertain, it is to be "tried," and tried by a jury, under proper direction from the court. The harsh rule announced in *Hartfield v. Roper* ( 21 Wend. 615 ), has not been approved in this state. It is held in *O'Flaherty v. Ry. Co.* ( 45 Mo. 70 ), that the same rigid rule, in determining what would be a bar to an action on the ground of contributory negligence, would not be applied to an infant. "All that is necessary to give a right of action for an injury inflicted by the defendant, is that the injured person should have exercised care and prudence equal to his capacity."

The law in this regard is so aptly and so clearly stated by the supreme court of that state in the case of *The Philadelphia & Reading Ry. Co. v. Spearer* ( 47 Pa. St. 300), that we feel inclined to adopt the rule announced in that case. The injury happened to a child five years of age, who ran between a train and an engine closely following. The court says: "The degree of care required of the servants of the company in such a case, is dependent to some measure upon the capacity of the injured party. If an adult should place himself upon the railroad where he had no right to be, but where the company is entitled to a clear track, and the benefit of the presumption that it will not be obstructed, and should be run down, the company would be liable only for wilful injury, or its counterpart, gross negligence. But if a child of tender years should do so, and suffer injury, the company would be liable for the want of ordinary care. The principle may be illustrated thus: If the engineer saw the adult in time to stop his train, but the train being in full view, and nothing to indicate to him a want of consciousness of its approach, he would not be bound to stop the train. Having the right to a clear track, he would be entitled to the presumption that the trespasser would remove from it in time to avoid the danger, or, if he thought the person did not notice the approaching train, it would be sufficient to whistle to attract his at-

tention without stopping. But, if instead of the adult, it were a little child upon the track, it would be the duty of the engineer to stop his train upon seeing it. The change of circumstances from the possession of capacity in the trespasser to avoid the danger, to a want of it, would create a corresponding change of duty in the engineer. In the former case, the adult concurring in the negligence causing the disaster, is without remedy; in the latter, the child not concurring from a want of capacity, the want of ordinary care in the engineer would create liability. But if the train were upon the child before it could be seen, or if it suddenly and unexpectedly threw itself in the way of the engine, the engineer being incapable of exercising the measure of ordinary care to save it, the child would be without remedy, for the company's use of its tracks is lawful, and the presence of the child upon the track is unlawful."

In that case it is probable that the court looked upon the age of the child as incapacitating it from contributory negligence, as a matter of law. The jury may well have found in this case that it was negligence in the defendant's servants to run a heavy freight train of twenty-five or thirty cars at the speed of from fifteen to eighteen miles per hour, through a place of the population of Kansas City. If we are to believe the plaintiff's evidence, he would not have met with this misfortune but for this negligence in speed. As his foot was barely caught just as he was in the act of clearing the track—just as he was raising off of the rail—we can readily see, that if the speed of the train had been reasonable, considering it was in a populous city, he would have been beyond danger before the engine reached him.

The second and third instructions refused for defendant, each leave out of view that it was defendant's duty to avoid the injury after discovering plaintiff's danger. The fact of the track being clear and straight for one-half mile or more would, besides enabling plaintiff to observe the train, afford defendant's servants ample opportunity to discover his peril.

Defendant complains of the court giving any instruction submitting to the jury the capacity, age and discretion of plaintiff in connection with the question of contributory negligence, and contends that the undisputed testimony shows him to be *sui juris*. Though we do not agree to this, yet defendant is in no position to complain, for we find it submits the same question in its first instruction given. So if it be error, defendant has joined in its commission.

It must be admitted that the evidence supporting defendant's theory of this accident was strong, and in its essential parts came from disinterested witnesses; yet it was for the jury to say which they would believe; they have answered for plaintiff and it is not our province to interfere. Affirmed. All concur.