20 211
52 600

JOHN SAARE BY NEXT FRIEND, Respondent, v. THE UNION RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, January 4, 1886.

1. NEGLIGENCE—CASE ADJUDGED.—A case characterized by the court, as showing by the undisputed testimony the grossest sort of negligence and carelessness on the part of defendant, a street railroad company, and that of the most culpable sort.

2. ——— CONTRIBUTORY—IN CASE OF INFANT LEFT TO JURY UNDER INSTRUCTIONS.—Where the plaintiff, as in this case, is of tender years, the question as to the care and diligence he should exercise, considering his age, is properly left to the jury under instructions; which, under the evidence, in this case are held correct.

3. ——— PLEADING—REFUSAL TO ALLOW AMENDMENT—COMPETENCY OF EVIDENCE.—An amendment of the answer at the trial, making averments where there was no evidence supporting them, is properly refused. A mere declaration of a third party that he is the custodian of an infant is not competent for the purpose of showing him to be such custodian.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBR, Judge.

*Affirmed.*

Statement of case by the court.

John Saare, ten years of age, by his father as next friend, brought this suit to recover damages for his injuries, alleged to have been caused by the negligence of the driver of one of defendant's horse cars.

Defendant filed motion to make the petition more definite and certain. Which motion was overruled.

Defendant answered denying negligence and alleged contributory negligence on the part of plaintiff, and one Wolfram, in whose charge he was alleged to be.

It appeared in evidence at the trial that the car in proof made trips from the street car barn in the northern limits of the city of St. Joseph to New Ulm park, about

three-fourths of a mile north of the barn, and back again, that the track lay on the west side, and at some distance from the traveled public road, and on ground somewhat higher; that the ground on the west of the track was higher than the track sloping up to the fence about ten feet distance from and parallel to the track; that there were no crossings; that passengers on this car and route generally got on at one or other end of the route and rode to the other, there being a plat- form for their accommodation at the New Ulm end.

About six o'clock in the afternoon of Sunday, the day of the accident, the plaintiff and his brother, Wil- liam, then fourteen years of age, came from the park, which was on the east side of the public road, to the platform from which the car was about to start on its way to the city. They were accompanied by Wolfram, who kept a shooting gallery at the park, and for whom they had, with their parents' knowledge and permission, been working during the day. The three got on the rear platform of the car, the inside being full, with others on the front and back platform. Wolfram testified that he thought that the boys were standing behind him, and knew nothing to the contrary until the accident. They testi- fied that that they rode a short distance on the rear platform and then thinking their might be more room in front got off, ran ahead and got on and stood upon the step on the west side of the platform, the plaintiff taking his place there first and his brother following and holding, as he said, to the irons with both hands. The boys testified that the driver took their fare and went into the car and that soon afterwards the plaintiff fell or was pushed off, the first the elder knew of it being when he saw plaintiff under the car. The boy was hurt about one-third of the way from the park to the barn. At the time of the outcry the driver was in- side the car near the back end collecting fares, having previously tied up the reins to the fender and taken up the slack of chain on the brake, he being the only one in charge of the car. The horses were going

at their ordinary trot and a little up grade. The car was stopped as soon as the driver could get to the reins and brake, and the boy picked up and brought into the car, his left arm having been run over by one or both of the wheels of the car and broken.

The driver of the car testified that when he was about two-thirds of the way collecting the fares he felt the horses start up a little and heard some one cry out and thought there was something the matter. That when he felt the car jerk he was in the car half way back. The horses started up a little too fast to suit him and he went to stop the car.

The boys, their father, and Wolfram, agreed in testifying that plaintiff was not in the care or custody of his brother or Wolfram.

Adolph Steinacker, secretary of the company, testified that Wolfram, in a conversation at witness' store, shortly after the accident, said that the last words the mother of the boys said to him the morning of the day of the accident were, "Be sure and bring the boys home safe." Wolfram denies saying this.

Plaintiff's father said that he did not hear Wolfram make the remark testified to by Steinacker.

Defendant offered to prove that it was the custom of prudent drivers to leave their teams and go into their cars to collect fares under circumstances like those in evidence, but was not permitted.

At the conclusion of the testimony the defendant asked leave to amend answer so as to allege that plaintiff was at the time of the accident in the care and presence of his brother, William, whose negligence contributed to the injury, but was not permitted.

CROSBY, RUSK & CRAIG, for the appellant.

I. The court erred. (1) In overruling defendants motion to make petition definite. (2) In not allowing defendant to prove custom of prudent drivers in going into the car to collect fares. (3) In not allowing defendant to amend its answer, that plainiff was in care of

his brother at the time of the accident.    (4) In giving instructions prayed for plaintiff and in refusing instruction asked by defendant—especially in that asking that the jury be instructed as to contributory negligence of any person in whose care they might from the evidence, believe the plaintiff to have been at time of accident. *Stillson v. Railroad*, 67 Mo. 471 ; *Hally v. Gas Co.*, 8 Gray (Mass.) 132 ; *Railroad v. Stratton*, 78 Ill. 88 ; *Hathaway v. Railroad*, 46 Ind. 23 ; *Higgins v. Railroad*, 52 Ind. 110.

II.    The court erred in overruling motion for new trial, and the motion in arrest of judgment.

T. F. Ryan, O. M. Spencer, for the respondent.

I.    The petition was not indefinite and uncertain. The special negligence of which plaintiff complained is clearly set forth.    A motion to make more definite and certain should only be sustained when the petition fails to state, with reasonable certainty, the ground on which the liability of defendant is placed.

II.    The custom offered to be proved was incompetent. One cannot be allowed to make a custom and then appeal to it in justification of his own act.    2 McLean, 157.

III.    The defendant had no right to amend his answer, after the evidence was in, so as to allege that plaintiff was in the *presence* and care of his brother, at time of accident, for the reason that there was no evidence to the effect that plaintiff was in charge of his brother.    Being in the *presence* of his brother, merely, or of any other person, could not be grounds upon which negligence could be imputed to the brother, or other person.    *Railroad v. Caldwell*, 74 Pa. St. 421 ; *Lovette v. Railroad*, 9 Allen (Mass.) 55.

IV.    The rule as to contributory negligence of a child is that it is required to exercise only that degree of care which a person of that age would naturally and ordinarily use in the same situation and under the same circumstances.    *Railroad v. Murray*, 71 Ill. 601 ; *Rail-*

*road v. Valinus*, 56 Ind. 511; *McMillan v. Railroad*, 46 Iowa 534; *Railroad v. McDonald*, 43 Md. 534; *Railroad v. Hanlon*, 53 Ala. 70.

V. Instructions not warranted by the facts should be refused; and declarations of law not applicable to the facts in the case, although abstractly correct, are properly refused. *Sumner v. McCray*, 60 Mo. 493; *Gist v. Loring*, 60 Mo. 420; *Gerren v. Railroad*, Ib. 405. So instructions assuming the existence of facts not proved. *Peck v. Ritchie*, 66 Mo. 114.

VI. The bunch of authorities cited by defendant in support of the errors complained of (67 Mo. 671, and cases cited) all go to establish this principle: that negligence of a father in charge of his infant child may be imputed to the child. So of a guardian. This is not controverted, but has no application here under the evidence.

ELLISON, J.—The undisputed testimony in this case shows the grossest sort of negligence and carelessness on the part of defendant.

In the first place, there was but one person in charge of the car and this was the driver. He left the team and went to the rear end of a crowded car to collect fares, and while back, in among the crowd, the horses started up with such suddenness and rapidity as to jerk the car and cause him to hurry forward to take charge of the team.

It was doubtless during the time in which he had abandoned the team that the plaintiff, a boy ten years old, was thrown off the platform. Was no doubt thrown off by the jerk and sudden starting up of the horses, which was felt by the driver; for he says it was then he heard the outcry and started to the front to see what was the matter. The evidence tended to show that, before the driver left his team, he had seen plaintiff with others on the front platform, and collected fare from him.

There can be doubt of defendant's negligence; and that of the most culpable sort (74 Pa. St. 421). The only question is as to contributory negligence on part of

plaintiff. He being of tender years, the question as to the care, and diligence he should exercise, consideriug his age, was properly left to the jury under instructions. *Duffey v. Ry. Co.*, 19 Mo. App. 380. Defendant complains of these instructions, but they are substantially the same as that asked by and given for defendant. When this is true, defendant cannot complain. The instructions though not to be recommended as good precedents, are, however, correct, under the evidence in this case. *Baltimore Ry. Co. v. McDonald*, 43 Md. 534; *Chicago, etc., Ry. Co. v. Murray*, 71 Ill. 601.

The court's action was correct as to the instructions and the offer to amend the answer in regard to plaintiff being in charge or custody of his brother, or Wolfram. There was no evidence supporting defendant in this respect. Wolfram's mere declaration to this effect was not competent for that purpose. We are not able to see how his declaration to that effect would make him the custodian of plaintiff. A moment's reflection would show where the assertion of a doctrine like this would lead to.

We discover no error in the trial and, therefore, affirm the judgment. Philips, P. J., concurs; Hall, J., not sitting.