Peter Gass, by Next Friend, Respondent, v. The Missouri Pacific Railway Company, Appellant.

Kansas City Court of Appeals, April 9, 1894.

1. **Contributory Negligence:** AGE AND EXPERIENCE: JURY QUESTION. Whether the plaintiff, a boy, exercised such care and prudence as was to be expected from one of his age and capacity, was properly submitted to the jury as a question of fact in this case.

Gass v. The Mo. Pac. R'y Co.

2. **Negligence**: VIOLATION OF ORDINANCE: CAUSE OF INJURY. Whenever a railroad violates an ordinance in failing to ring its bell and keep a man on the front end of a backing train, it is guilty of negligence, and it is proper to submit to the jury whether the accident sued for happened in consequence of such negligence.

3. ———: PLAINTIFF'S SITUATION OF DANGER: DEFENDANT'S DILIGENCE: EVIDENCE. An instruction that, though plaintiff negligently places himself in a dangerous position, yet, if defendant's servants saw his danger, or by reasonable care could have discovered it in time to avert the injury, then the verdict should be for the plaintiff, does not require evidence in affirmative terms to suppport it, but it may be supported by evidence from which the jury could reasonably presume the servants saw, or might have seen if they had been diligent. The evidence in this case tends to show the train in question might have been stopped within twenty feet, or the man on the front end of the backing train could have warned plaintiff of his danger.

4. **Negligence**: EVIDENCE: INSTRUCTION. *Held*, the record in this case does not support the appellant's contention that there was no evidence to show its negligence was the immediate cause of the accident, or that the accident would have happened had defendant been in the exercise of proper care; and an instruction set out in the opinion clearly put the question to the jury, and an appellate court can not disturb the finding.

5. ———: ———: ———. An instruction which tells the jury they must believe that a brakeman on the front end of a backing train must have been able to signal the engineer in time to stop the train, is *held*, in this case, too favorable to the defendant; and an instruction declaring that he would have been able to give notice of danger to the plaintiff is approved.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*H. S. Priest* and *Wm. S. Shirk* for appellant.

(1) The court below should have sustained defendant's demurrer to the plaintiff's evidence. His evidence showed beyond dispute that plaintiff was guilty of such contributory negligence as bars a recovery, and that the strictest observance of the ordinance recited in

the petition would not have avoided the injury to plaintiff. *Boyd v. Railroad*, 105 Mo. 371; *Jennings v. Railroad*, 99 Mo. 394; *Harlan v. Railroad*, 64 Mo. 482; *Butts v. Railroad*, 98 Mo. 272; *Yancey v. Railroad*, 93 Mo. 433; *Gurley v. Railroad*, 104 Mo. 211; *Hyde v. Railroad*, 110 Mo. 272; *Maxey v. Railroad*, 113 Mo. 1; *Houston v. Railroad*, 95 U. S. 703; *Rine v. Railroad*, 88 Mo. 392. See also, the following cases bearing on the point: *Warner v. Railroad*, 21 Atl. Rep. 737; *Blight v. Railroad*, 21 Atl. Rep. 995; *Artz v. Railroad*, 34 Iowa, 153; *O'Donnell v. Railroad*, 7 Mo. App. 190; *Goodbell v. Railroad*, 122 U. S. 391; *Schofield v. Railroad*, 114 U. S. 615; *Railroad v. Stroud*, 64 Miss. 784. (2) The third instruction given for the plaintiff is radically wrong for five reasons: *First.* There is no evidence whatever on which to base said instruction. *Second.* There is no evidence that by the exercise of any degree of diligence, they could have discovered his perilous situation in time to have avoided injuring him. To the contrary, the evidence shows that he stepped onto the track immediately in front of a moving car, and was struck by it, almost the moment he stepped upon the track. *Third.* There is no evidence whatever that, even if defendant's servants in charge of the train had seen plaintiff as he stepped upon the track, they could have stopped the train in time to have avoided injuring him, or within what distance the train could have been stopped. *Fourth.* The evidence affirmatively shows that, if the trainmen had been at their places, as required by the ordinance, and had seen the plaintiff approach and step upon the track, they could not have avoided injuring him. They were not bound to take notice that he intended to try to cross the track with a train only five or six feet from him and in plain view; they were only bound to begin efforts to avoid injuring him when he placed himself

in actual danger. *Boyd v. Railroad*, 105 Mo. 371; *Harlan v. Railroad*, 64 Mo. 482; *Butts v. Railroad*, 98 Mo. 272; *Taylor v. Railroad*, 86 Mo. 457; *Powell v. Railroad*, 76 Mo. 80, and other cases cited to point 1, *supra. Fifth.* It submits to the jury a question of law, viz.: What degree of care and diligence the defendant's servants, in charge of the train were bound to exercise under the circumstances? *Albert v. Bessel*, 88 Mo. 150; *Jordan v. City of Hannibal*, 87 Mo. 673; *Speak v. Ely & W. Co.*, 22 Mo. App. 122. (3) The crossing from the old rock quarry to the new one was not a public crossing. It was kept there only for the purpose of enabling its owners to get to their quarry. As soon as it was no longer needed it was removed. Under such circumstances the general public has no right to use the crossing, and the plaintiff was a trespasser on defendant's tracks. *Gurley v. Railroad*, 104 Mo. 211; *Maxey v. Railroad*, 113 Mo. 1; *Hyde v. Railroad, supra*, and cases cited in these opinions.

*Carlisle & Ottofy* and *Jno. R. Walker* for respondent.

(1) The defendant having introduced evidence on its own behalf, after its demurrer at the close of plaintiff's case was overruled, thereby waived its demurrer. *Bowen v. Railroad*, 95 Mo. 275; *Taylor v. Penquitte*, 35 Mo. App. 401; *Guenther v. Railroad*, 95 Mo. 286; *Eswin v. Railroad*, 96 Mo. 294; *McPherson v. Railroad*, 97 Mo. 255; *Hilz v. Railroad*, 101 Mo. 36; *Jennings v. Railroad*, 112 Mo. 268. (2) The court can not as a matter of law declare an infant guilty of contributory negligence. Whether or not he used the care which may be reasonably expected from one of his age, experience and capacity is a question for the jury, and this rule applies equally to railroad crossings and elsewhere.

*Spillane v. Railroad,* 111 Mo. 563, 566; *Burger v. Railroad,* 112 Mo. 250, and cases cited; *Eswin v. Railroad, supra; Dlauhi v. Railroad,* 105 Mo. 645; *Lynch v. Railroad,* 112 Mo. 437; *Williams v. Railroad,* 96 Mo. 283; *Bartley v. Trorlicht,* 49 Mo. App. 221. (3) The testimony clearly shows that the bell was not rung and that there was not a man stationed on the car farthest from the engine in violation of the city ordinances, *either* of which constitutes negligence *per se. Spillane v. Railroad, supra; Eswin v. Railroad, supra..* (4) The rule contained in the instruction for plaintiff, number 3, complained of by defendant, is the law of this state and applicable to this case for eight reasons. *First.* Because the defendant knew that the crossing was used by the public, by fifty to one hundred teams per day and by footmen, and even though it was not a public crossing he was not a trespasser but at least a licensee and the defendant was bound to expect him there; they had no right to expect a clear track and the rule therefore applies. *Frick v. Railroad,* 75 Mo. 610; *Kelly v. Railroad,* 75 Mo. 140; *Williams v. Railroad, supra; LeMay v. Railroad,* 105 Mo. 370; *Lynch v. Railroad,* 111 Mo. 608; *White v. Railroad,* 34 Mo. App. 77; *Duncan v. Railroad,* 46 Mo. App. 204. *Second.* Because the defendant using dangerous machinery propelled by steam power is held to a greater degree of care than the traveler at such a place. *White v. Wabash,* 34 Mo. App. 78; *Burger v. Railroad, supra. Third.* Because the rule that the defendant is only required to exercise ordinary care in averting injury after they became aware of plaintiff's perilous situation applies only where plaintiff is a trespasser or of a place where defendant has no reason to expect him. *Rine v. Railroad,* 88 Mo. 392; *Williams v. Railroad,* 96 Mo. 275; *LeMay v. Railroad, supra; Eswin v. Railroad, supra. Fourth.* Because the testimony shows that the train

could have been stopped within ten or twenty feet. *Fifth.* Because a man on the last car could have warned the plaintiff when he saw him entering on the track as the train was moving but slowly. *Sixth.* Because even though all the witnesses may testify that there was no negligence on the part of the defendant, the jury may nevertheless find that there was negligence, if the physical facts of the case and the manner of the injury raise a necessary inference to that effect. *Hunt v. Railroad,* 14 Mo. App. 160. Because the said instruction does not submit a question of law and has been approved by this court in the case of *White v. Railroad,* 34 Mo. App. 66. (5) An appellate court will not interfere on the question of mere weight of evidence, unless the preponderance of testimony is very great, and the verdict so strongly opposed to all reasonable probabilities as to be the manifest result of mistake, bias or prejudice. *Mauerman v. Railroad,* 41 Mo. App. 357; *Adler v. Wagner,* 47 Mo. App. 25; *Wilburn v. Railroad,* 48 Mo. App. 225; *Lovell v. Davis,* 52 Mo. App. 349.

ELLISON, J.—This action is for personal injuries received by plaintiff, a boy thirteen years of age. The accident happened at a crossing (to all intents and purposes, a public crossing) in the city of St. Louis. The injury was inflicted by a train running backwards, one of the cars passing over plaintiff's leg as he was attempting to. pass over the track at the crossing,—at least this was shown by plaintiff's case.

Defendant asked and was refused an instruction at the close of plaintiff's case in the nature of a demurrer to the evidence. Defendant then introduced evidence in its own behalf which had the effect of waiving the demurrer and leaves the case to stand on the sufficiency of the whole evidence taken together.

Our opinion is that the evidence is sufficient to sustain the verdict, as will appear in the further discusion of the case on the instruction submitted to the jury. Defendant's instructions were all given as asked, except by an amendment of two of them in which the hypothesis of plaintiff's having exercised such care and prudence as was to be expected from one of his age and capacity, was left for the determination of the jury in passing on the question of contributory negligence. Such question was also submitted in plaintiff's instructions. In this respect there was no error. The plaintiff was of that age when it was proper to submit to the jury as a question of fact whether his actions as shown in evidence amounted to contributory negligence. *Duffy v. Railroad,* 19 Mo. App. 380; *Spillane v. Railroad,* 111 Mo. 562, 564.

There was shown in evidence an ordinance of the city of St. Louis wherein it was provided that it should be unlawful for any one to move or run cars propelled by steam within the limits of the city, without constantly sounding the bell. And that it should be unlawful to run freight cars backwards in said limits, without having a man stationed on the top of the car farthest from the engine to give danger signals. The evidence tended to show that neither of these provisions of the ordinance was complied with in this case; the result of which must be to hold the defendant guilty of negligence. *Backenstoe v. Railroad,* 23 Mo. App. 148; *Eswin v. Railroad,* 96 Mo. 290. The court in this connection, properly submitted to the jury, by instructions 1 and 2 for plaintiff, whether the accident happened in consequence of this negligence.

The court by instruction number 3 for plaintiff directed the jury that although they should believe that plaintiff was guilty of having placed himself in a dangerous position and was negligent in failing to observe the

approaching train, yet if defendant's servants operating said train saw plaintiff was in a dangerous situation, or, by the exercise of reasonable care on their part, might have discovered his dangerous situation in time to have averted the injury by using ordinary diligence, then their verdict should be for the plaintiff. The objection made by defendant to this instruction is that it had no evidence whatever in its support. There was no evidence which in affirmative terms disclosed that any of defendant's servants saw plaintiff before the accident, or that they, by diligence, might have seen him. But while this is true, there was yet abundant evidence in the cause from which the jury could reasonably presume or infer that they either saw him or might have seen him if they had been diligent. It was shown that the view was unobstructed from a point where plaintiff emerged from behind standing freight cars on an adjoining track, these cars standing back from the track on which the train was moving, about twenty feet, as stated in a portion of the testimony. If defendant's servants had been on the lookout, as they should have been, they would have seen plaintiff. If they were not on the lookout, they were not diligent. But defendant's principal point of objection is that if its servants had or could have seen plaintiff, they did not and could not have seen him *in time* to have everted the accident. But there is evidence the tendency of which is to show the contrary. There is evidence tending to show that while plaintiff was walking the space of twenty feet the train could have been stopped. The evidence as to the distance in which it actually did stop shows this. Of course there is room for strong argument that defendant's servants could not know that plaintiff intended to cross the tracks, but this was a matter for the jury to consider in the light of all the evidence and surrounding circumstances,

including the fact of plaintiff's youth. But this is not all. The instruction does not say that the servants saw him, or might have seen him in time to stop the train, but in time to have averted the injury by ordinary diligence. Now if one of defendant's servants had been on the top of the car at the end of the backing train, where the jury might well conclude he reasonably should have been, he could have seen plaintiff; and, it may be reasonable inferred, in time to have averted the injury by hallooing at him. The jury might very well conclude, apart from the ordinance, that the reasonable place for one of the servants to be on a backing train in a city and among numerous cars and tracks, was at the end thereof where he could readily and quickly see the imminence of danger. The instruction does not confine itself to what the servants might have seen in the positions they actually were at the moment preceding the accident, but it embraces positions where, by the exercise of reasonable care on the part of the servants, they should have been.

The greater part of defendant's attack upon the judgment is spent on the contention that there is no evidence in the record to show that the negligence of defendant was the immediate cause of the accident; in other words, that if the negligence charged and proven had not occurred and defendant's servants had rung the bell constantly and one of them had been stationed on top of the car farthest from the backing engine, still the accident would have happened. We are not of the opinion that the evidence shows this conclusively. That the jury have had the point put clearly before them is evidenced by the following instruction granted to defendant: "7. The court further instructs the jury, that it devolves upon the plaintiff to prove, to the satisfaction of the jury, by a preponderance of the evidence, the following facts, viz.: *First.* That plain-

tiff was in the act of crossing defendant's track at the time he was injured. *Second.* That he was struck by a car which at the time was being run by the defendant over or upon its track. *Third.* That said car was being propelled backward over defendant's said track; and that the bell of the engine which propelled it was not being rung at the time, or that the car farthest from said engine, did not have stationed upon it a man or watchman to give notice of danger to plaintiff. *Fourth.* That the absence of such man or watchman, or the failure to ring the bell, was the immediate cause of plaintiff being run over and injured, and unless the plaintiff has proven these facts to the satisfaction of the jury, by a preponderance of the evidence, you will find for the defendant.''

Can we, under any rule governing appellate tribunals, say that if the bell had been constantly rung as required by the ordinance, it might not reasonably have attracted plaintiff's attention and thereby prevented his going upon the track? As to that branch of the negligence in not having a man stationed on top of the end car, is it not highly probable that if a diligent and careful man had been in that position he could and would have warned plaintiff away. Defendant's first instruction puts this phase of the case too favorably for defendant by saying, inferentially and in effect, that such man must have been able, had he been in such position, to have signaled the engineer in time to have stopped the train. The question is properly submitted by defendant in the instruction which we have set out, wherein it is stated that plaintiff must prove that defendant did not have "a man or watchman" stationed on the end of the car, "*to give notice of danger to plaintiff.*"

There is much in the argument of counsel on the question of contributory negligence of plaintiff and

which is based on the testimony disclosing his movements just before the accident as well as his acts of omission in failing to observe the train which, if we were dealing in a case of an adult, would be given more weight than we attach to it here, from the fact that, as we have before stated, this plaintiff was of that age when the question as to his responsibility for imprudent acts should be submitted to a jury, which was done in this case. We see nothing to authorize our interference and hence affirm the judgment. All concur.