CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD CO.

v.

PATRICK McKITTRICK.

1. NEGLIGENCE—*recovery can not be sustained if the evidence fails to show.*
In an action by the fireman of one railway company against another company, to recover for a personal injury caused by a collision, if there is no evidence of want of care or skill on the part of the defendant, and nothing wrong is shown on its part, but it appears that the injury was the result of reckless conduct of the engineer of the other company, the bad condition of its engine, and of running at a rate of speed prohibited by ordinance, a judgment against the defendant can not be sustained.

2. EXCESSIVE DAMAGES. In a suit against a railway company to recover for a personal injury, where the negligence of the defendant, if any, was very slight, and the plaintiff had no bones broken, and was not disabled from working for more than nine months, and the injury did not appear to be permanent, it was *held*, that $5000 damages were excessive.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action on the case, by Patrick McKittrick, against the Lake Shore and Michigan Southern Railway Company, and the Chicago, Rock Island and Pacific Railroad Company, to recover damages for a personal injury, on the ground of negligence.

The opinion of the court states the substance of the material facts, except as to the extent of the injury to the plaintiff. The plaintiff's wages, at the time of the injury, was $54.50 per month. There were no bones broken, and the principal injury was to the kidneys and the straining of some ligaments. The plaintiff was unable to sit up for about five weeks, during which he suffered considerably, and was troubled with an inability to sleep. For about nine months he used crutches, but, at the time of the trial, was able to work, and the physician testified that it might take from two to four years for his recovery. It did not appear, however, that the injury

was permanent, in respect to his ability to labor and earn a livelihood.

Mr. Thomas F. Witherow, for the appellant.

Messrs. Tuley, Stiles & Lewis, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was *case*, in the Cook circuit court, brought by Patrick McKittrick, plaintiff, against the Lake Shore and Michigan Southern Railway Company, and Chicago, Rock Island and Pacific Railroad Company, defendants, which resulted in a verdict for the plaintiff, against the Rock Island railroad, for five thousand dollars, and finding the Lake Shore road not guilty.

The court denied the motion of the Rock Island railroad company for a new trial, and rendered judgment on the verdict, to reverse which that company appeals.

No very interesting questions are raised on the record.

The plaintiff was fireman on an engine of the Lake Shore railway company, employed by them when the accident, causing the injury of which he complained, occurred. It was about seven o'clock in the morning of October 17, 1873, at Polk street, in the city of Chicago. The engine plaintiff was on was a switch-engine, doing passengers' yard work.

The engine of the Rock Island company complained of was an engine used in running the dummy-train to Blue Island. Plaintiff had worked on his engine for a year previously, and with the engineer then in charge about eight months.

There is no evidence of want of care or skill on the part of appellant. The collision would seem to have occurred by reason of a violation of a city ordinance, on the part of the Lake Shore road. While the speed of appellant's engine was in conformity with the ordinance, that of the Lake Shore was twelve miles an hour, when, if it had been run according to the ordinance, at the speed of six miles an hour, it is

not at all probable the accident would have occurred; and it is also alleged by plaintiff that the engine of the Lake Shore road was in bad condition, and under the control of a negligent, careless and reckless person, all which was known to that company. Nothing wrong on the part of appellant's company is shown, not even that their engine was on the wrong track, where there were so many tracks.

In plaintiff's conversation with Parsons, the superintendent of the Lake Shore road, he distinctly stated, in answer to the question if appellant's engine was not on the wrong track, that he did not think she was, but the superintendent thought she was. It is not proved the Rock Island engine was out of her proper place, as the plaintiff's witness, Barney, testified, it was usual for them to come down that track every morning, to take the train out on the west track, and were going to the depot to take a train out, which they were in the habit of doing every morning.

The switchman, Jack, a witness for the plaintiff, testifies he called the attention of the driver of the Lake Shore to look out for that Rock Island engine coming down—the engine collided with. He knew it was down then, and the driver knew it—everybody in the yard knew it.

From this, we would infer the Rock Island engine was not on the wrong track, and the injury must be attributed to the bad condition of the Lake Shore engine, and the carelessness and recklessness of its driver.

But we do not decide the case upon this ground, but upon the ground, taking into consideration all the circumstances and the extent of the injury received by appellee, that the damages are grossly excessive, and can not be the result of deliberate judgment. Their extent may be accounted for on the hypothesis that the jury, commiserating the plaintiff's condition, and his adjustment with the Lake Shore road for two months' pay, thought that he had not been fairly dealt with, and, as he could get nothing more from that company, the loss should be made up by appellant; but whatever may

be the theory on which the jury found, it was not on the strength of the evidence. If any negligence can be attributed to appellant, it was not of a serious nature, and it should not be compelled to pay five thousand dollars for it.

The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*