THE CHICAGO WEST DIVISION RAILWAY COMPANY

*v.*

JOHN HUGHES.

DAMAGES—*when excessive.* In this case the plaintiff recovered $4500 for the fracture of his arm by being run over by a street car, the only proof of the lasting character of the injury being that of the plaintiff and a fellow laborer, from which it was claimed he could not do the work of an able-bodied man: *Held,* that the damages were excessive.

APPEAL from the Circuit Court of McHenry county; the Hon. T. D. MURPHY, Judge, presiding.

Messrs. AYER & KALES, for the appellant.

Mr. E. A. SHERBURNE, for the appellee.

Per CURIAM: This is an appeal by the street railway company from a judgment of $4500, recovered by the appellee, for a fracture of his left arm, which happened on Sunday evening, the 6th of February, 1870, from his being run over by one of the defendant's street cars. Upon a former trial appellee

recovered a verdict for $5000, of which, upon a motion for a new trial, he remitted $2000, and judgment was rendered for $3000, which, upon appeal to this court, was reversed for error in an instruction.   69 Ill. 170.

The errors now assigned are, that the present verdict is manifestly against the weight of evidence, and that the damages are excessive.

There was, upon the former occasion, an intimation of dissatisfaction with the verdict as to its being sustained by the evidence.   At the last trial appellee's witnesses appear to have been the same, while the defense was materially strengthened by the additional testimony of one of the passengers, not a witness before, who saw the accident and fully corroborated the account given by the conductor and driver of the car, as to the way in which it occurred.   But without more upon this point, we look upon the damages as excessive.   All the testimony as to the lasting character of the injury is that of appellee and Thomas Mooney, a fellow workman.   Appellee's business is shown to be that of a grain trimmer, the work being to stow the grain as it comes from the elevator; the men are paid so much for the job and divide the money equally. Appellee testifies that he could not earn one-half as much as before, but says that the last two seasons he worked in a gang of six men; that they gave him an equal share of the wages, but it was because they wanted to assist in taking care of himself and wife.   Mooney testifies that appellee, since the injury, could not do the work of an able-bodied man, and his fellow workmen took compassion on him and helped him along; that he could do a little more than half as much as before.   He states, on cross-examination, that he had worked with appellee since his injury, on equal terms; that appellee does not get as much work as a good man; that witness had always divided with appellee when he had worked with witness' gang; that he could not do as much work as he could before the accident.

Upon consideration of the whole evidence, we are of opinion that it does not justify a verdict for such an amount of damages

as was recovered in this case, and the judgment will be reversed and the cause remanded.

*Judgment reversed*

Mr. JUSTICE DICKEY: I concur in the conclusion of the court, but rest my judgment upon the ground that plaintiff's injury arose from his own fault.