## THE CHICAGO BURLINGTON AND QUINCY RAILROAD COMPANY
### v.
### LYCURGUS K. AVERY.

1. INJURY—RULE OF DAMAGES.—The rule of damages for injuries inflicted by negligence, not willful or malicious, is loss of time during the cure and expenses incurred in respect of such cure, and the pain and suffering undergone by plaintiff, and any permanent injury, especially when it causes a disability from future exertion and consequent pecuniary loss.

2. DAMAGES EXCESSIVE.—In this case, it does not appear that the plaintiff has sustained injury to the extent of a disability from future employment, and the court is of opinion that, under all the circumstances, the damages are excessive, and the judgment is reversed for that reason.

APPEAL from the Circuit Court of Adams county; the Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed January 17, 1882.

Mr. O. H. BROWNING and Mr. J. F. CARROTT, for appellant; contending that the damages are excessive, cited Bridge Ass'n v. Loomis, 20 Ill. 235; T. H. A. & St. L. R. R. Co. v. Vanatta, 21 Ill. 188; C. & R. I. R. R. Co. v. McKean, 40 Ill. 218; Ill. Cent. R. R. Co. v. Welch, 52 Ill. 183; C. R. I. & P. R. R. Co. v. McKittnick, 78 Ill. 619; C. W. D. Ry. Co. v. Hughes, 87 Ill. 94; C. R. I. & P. R. R. Co. v. Payzant, 87 Ill. 125.

Messrs. WHEAT & MARCY, for appellee; that the assessment of damages is largely in the discretion of the jury, cited N. L. P. Co. v. Binninger, 70 Ill. 571; Redfield on Railways, 374; Ill. Cent. R. R. Co. v. Simmons, 38 Ill. 242.

The damages are not excessive: C. & A. R. R. Co. v. Wilson, 63 Ill. 167; Fulsom v. Concord, 46 Vt. 141; Ill. Cent. R. R. Co. v. Parks, 88 Ill. 373; Shaw v. B. & W. R. R. Co., 8 Gray, 81; Collins v. Council Bluffs, 32 Iowa, 324; Deppe v. C. R. I. & P. R. R. Co. 38 Iowa, 593; Blair v. C. & N. W. R. R. Co. 43 Iowa, 662; Karasich v. Hasbrouck, 28 Wis. 573; Mur-

ray v. H. R. R. R. Co. 47 Barb. 196; Walker v. Erie R. R. Co. 63 Barb. 260; Rockwell v. T. A. R. R. Co. 64 Barb. 438; Campbell v. Portland Co., 62 Me. 553.

DAVIS, J.   This was an action on the case, commenced by appellee to recover damages for injuries alleged to have been caused by the negligence of appellant.

Appellee was employed by appellant as a switchman and night foreman, in the railroad yard at Quincy, and, among other things, it was his duty to couple and uncouple cars.

On the evening of December 16, 1879, a way car, known as Way Car No. 3, belonging to the Keokuk and St. Louis Railroad Company, was brought by appellant into its yard with the follower of the draw-bar, by which cars are coupled, so broken that, when appellee attempted to uncouple the car, the draw-bar pushed back under the car, which brought the coupling-pin in contact with the dead-wood of the car, catching and crushing the right thumb of appellee between the two.

From the medical testimony given, it appears that the injury was a complete dislocation of the thumb. The soft parts were lacerated; the thumb was turned back, crowded back under the second joint, the second joint protruding; the bone was sticking out, not crushed much, only a little fracture; the second bone was split off, similar to a sliver. The thumb required medical treatment and care for about six weeks, and during that time the injury caused a good deal of pain. The first joint can not be moved, as it is stiff and will probably remain so.

The judgment rendered by the court below on the verdict of the jury, was for $4,408.33, and one of the errors assigned, and the only one which we will notice, is that the damages awarded are excessive.

It appears that at the time of the injury, appellee was receiving from appellant for his work, about sixty-eight dollars a month, including about eight dollars which he received for extra work on Sundays. At the time of the trial he was employed as a brakeman on a railroad at Hannibal, Mo., and was

receiving from a dollar and a half to two dollars per day as wages, and made from four to five days a week. Appellee can brake on a train with air brakes, and run a freight train as well as before. He can set a brake but not very tight, without the use of his thumb. He can not pull pins with a hand without a thumb and finger. His thumb kept bothering him for about two months, and he suffers a good deal of pain from it now, in cold weather. His medical bill was fifty dollars. Appellee testified that he had not made as much since he was hurt, as before, and he can not work with the same facility as before.

From this statement of his injuries, and of his ability to earn a livelihood in his present condition, were the damages awarded him, excessive?

The rule of damages for personal injuries inflicted by n - gence, not willful or malicious, is loss of time during the cure, and expense incurred in respect of such cure, and the pain and suffering undergone by plaintiff, and any permanent injury, especially when it causes a disability from future exertion and consequent pecuniary loss. Peoria Bridge Association v. Loomis, 20 Ill. 251.

It does not appear from the evidence how much time was lost by appellee during his cure, or what expenses were incurred by him in respect of such cure, except that his thumb required medical treatment for about six weeks, and that such medical treatment was worth fifty dollars. But estimating his loss of time of two months' earnings, $136, and the medical bill at fifty dollars, and we have the sum of $4,222 remaining of the judgment as compensation for the pain and suffering endured by him for about six weeks, and for the injury to his thumb and any pecuniary loss which may result therefrom.

An examination of some of the cases decided by our Supreme Court will show that such verdicts have not been sustained, even where the injury inflicted was more serious and permanent than in the case now before us.

In The Chicago West Division Railway Co. v. John Hughes, 87 Ill. 94, appellee recovered a judgment against the railway company for $4,500, for a fracture of his left arm caused by

being run over by one of the defendant's street cars. Appellee was a grain trimmer whose work was to stow the grain as it came from the elevator. The men with whom he worked were paid so much for the job and divided the money equally. The evidence was, that since the injury, appellee could not do the work of an able-bodied man, and could not earn one-half as much as before. The judgment was reversed on the ground of excessive damages.

In Toledo, Wabash and Western Railway Co. v. Jacob Fredericks, 71 Ill. 294, the plaintiff was a switchman whose duty it was to couple cars and assist in making up trains. While performing this duty in attempting to couple the tender with the caboose car, his hand was caught between the dead-wood on the engine and the ratchet-wheel attached to the caboose car, and was so badly crushed as to cause a very severe and permanent injury. At the time he was hurt he was receiving wages at the rate of $55 per month. After the injury he was unable to perform manual labor, and the evidence tended to show that he would never be able to do any kind of labor from which he could realize any considerable amount of wages. The court evidently hesitated to sustain the judgment of $5,000, but finally did so, solely on the ground that the injury was very severe, the pain endured very great and the injury permanent. While in this case the court sustained the verdict, the facts in the case show that it was one justifying a verdict for a much larger sum than the one we are now considering.

In Chicago, Rock Island & Pacific R. R. Co. v. McKittrick, 77 Ill. 619, the plaintiff recovered a judgment for $5,000, for injuries received by him in a collision. The principal injury was to the kidneys and the straining of some ligaments. His wages, at the time of the injury, were $54.50 per month. He was unable to sit up for about five weeks, during which he suffered considerably and was troubled with an inability to sleep. For about nine months he used crutches, but at the time of the trial was able to work, and the physicians testified that it might take from two to four years for his recovery. The judgment was reversed, on the ground of grossly excessive damages.

Taking into consideration all the circumstances of the case, and the extent of the injury sustained by appellee, and his present ability to earn a livelihood, we are constrained to hold that the damages given by the jury were excessive, and for that reason the judgment must be reversed and the cause remanded.