## William D. Gibson Co. v. Jacob Glizozinski.

1. LEADING QUESTIONS—*Discretion in Allowing.*—Trial courts have a large discretion in the matter of leading questions, and unless there has been a manifest abuse of such discretion, to the substantial injury of the party complaining, the judgment will not be reversed.

2. QUESTIONS OF FACT—*Assuming the Risk of Employment.* — Whether the risk of an employment in a certain case is one assumed by the servant, is a question for the jury.

3. DAMAGES—*$7,500 Not Excessive.*—A laboring man, forty-seven years of age, whose arm was caught between a belt and revolving shaft, was carried around the shaft and his arm injured, so as to render amputation near the shoulder necessary. He had been receiving from $1.25 to $1.50 per day as wages. A judgment for $7,500 was held not excessive.

Trespass on the Case, for personal injuries. Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE G. HANECY, Judge, presiding. Verdict for plaintiff, $10,000. Remittitur for $2,500. Judgment for $7,500. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed May 9, 1898.

John A. Post and Charles B. Stafford, attorneys for appellant.

Kavanagh & O'Donnell, attorneys for appellee.

Mr. Presiding Justice Adams delivered the opinion of the court.

This was an action on the case for a personal injury alleged to have been occasioned to appellee by appellant's negligence.

The following statement of appellee's claim, contained in the printed argument of appellant's counsel, is substantially correct.

" The claim of the plaintiff, as set forth in his declaration, and in the several amendments and additional count, is, in substance, that he was in the employ of the defendant; that the defendant was operating a plant for the manufacture of springs and furniture; that in this plant was a machine for the cutting of springs, which was operated by a belt driven by means of shafting; that the belt was uneven in width and rough as to its surface, and that therefore it was apt to slip off the shafting, and also apt to catch the clothing of those working about it; that the plaintiff was employed as a common laborer; that upon the occasion of the accident the belt had slipped off the pulley to the shaft; that defendant's foreman ordered the plaintiff to replace the belt upon the pulley while the shafting cont'nued in motion; that the foreman did not call the plaintiff's attention to the danger, and that while in the exercise of due care, plaintiff, in attempting to readjust the belt, was caught between the belt and the revolving pulley, and part of his arm torn off, necessitating the amputation of the arm at the shoulder."

The elements of negligence specially charged against the defendant are :

" First.   That the belting furnished was not in a reasonably safe and proper condition.

Second.   The failure of the foreman or superintendent under whose direction the plaintiff worked, to warn the

plaintiff as to the danger of adjusting belts on a rapidly revolving shaft.

Third. The failure to furnish a sufficient number of men to properly and safely adjust said belting.

Fourth. That the defendant failed to stop the revolving shaft so that plaintiff might perform the work in safety.

Fifth. That there was no tight and loose pulley, nor any appliance by which the belts might be changed from the pulley upon the shaft without danger."

The jury found a verdict for appellee, and assessed his damages at the sum of $10,000. On motion for a new trial by appellant, appellee, by his attorney, remitted $2,500 and judgment was entered for $7,500.

The grounds for reversal of the judgment urged by appellant's counsel are as follows:

" First. The court below erred in certain rulings as to testimony.

Second. The damages are excessive.

Third. If the testimony of the plaintiff be taken as true, there is a clear case of assumption of risk.

Fourth. That the account given by the plaintiff and his witnesses, of the accident, is not true; but as shown by the testimony of the defendant, the plaintiff was hurt in meddling voluntarily in work outside of the scope of his employment."

Jacob Glizozinski, the plaintiff, being called as a witness in rebuttal, was asked by his attorney the following question: " State whether or not it is a fact that Pisarski got up on the table under the pulley near the belt, and then got down again and went over to you and spoke to you?" Appellant's counsel objected to the question, and the objection was overruled.

John Smith, a witness for appellant, had testified that he noticed Pisarski, a son-in-law of appellee, who was in appellant's employ, standing on a bench to put the belt on the pulley; that Pisarski got down off the bench and went over to where appellee was working and had some conversation with appellee, and that then appellee got on the bench to

place the belt. It was appellant's theory that Pisarski, and not appellant's foreman, requested appellee to put the belt on the pulley, and the foregoing evidence of Smith was introduced as tending to support that theory. It was clearly competent for appellee in rebuttal to prove that Pisarski was not on the table attempting to put the belt on the pulley, and that he did not converse with appellee before the latter attempted to put it on. The question was relevant and material, and was not objected to as leading.

Pisarski being called in rebuttal, the following question was asked him:

" Q. Mr. Pisarski, just before your father-in-law got hurt, did you, yourself, get up on the table and then get off and go over and speak to your father-in-law ? "

This question was objected to as leading. The witness Smith having testified that Pisarski did as stated in the question, we are of opinion that it was competent to ask Pisarski directly whether he so did. The only alternative to this would have been to re-examine the witness Pisarski as to the facts, which he had already fully testified to, having been called as a witness in chief for appellee. But even conceding that the question is objectionable as being leading, this is not necessarily reversible error. A trial court has large discretion in the matter of leading questions, and unless there has been a manifest abuse of such discretion to the substantial injury of the party complaining, the judgment will not be reversed. Funk v. Babbitt, 156 Ill. 408.

We do not think there has been such abuse or injury in the present case.

Whether the risk was one assumed by the appellee was a question for the jury. Appellant asked no instruction bearing on that question, nor any instruction, except that the jury should find the defendant not guilty. Whether " the account given by the plaintiff and his witnesses of the accident " was or not true, was a question for the jury. The evidence was conflicting, and not being of the opinion that the verdict is contrary to the weight of the evidence, we can not disturb it.

The evidence of appellee's injury is that while he was standing on a bench, and after he had put the belt in place on the pulley, while the shaft was revolving, it suddenly jumped from the pulley, and his arm was caught between the belt and shaft, and he was carried round with the shaft. About half of his left arm was torn off, and the flesh was stripped off the remainder nearly to the shoulder, in consequence of which the arm had to be and was amputated near the shoulder. At the time of the accident, October 9, 1894, appellee was between forty-six and forty-seven years old, was a laboring man, and had been receiving from $1.25 to $1.50 per day as wages. We can not say that the judgment is manifestly excessive.

The judgment will be affirmed.