# North Chicago Street R. R. Co. v. Sarah B. Brown.

1. QUESTIONS OF FACT—*Where Witnesses Differ.*—Where witnesses are called upon to give the details of an accident, and differ, such difference must be great to justify this court in interfering with the verdict.

2. DAMAGES—*$5,000 Not Excessive.*—Before the injury plaintiff was a strong, healthy woman; for four weeks afterward she lay at the residence of a friend, and for over five months thereafter at the County Hospital. She suffered much pain and for eight months after leaving the hospital was compelled to use crutches, and over six years after was still using a cane. There was testimony tending to show that the injury was to the hip joint and might be permanent. *Held,* that the verdict for $5,000 was not excessive.

3. INSTRUCTIONS—*In Personal Injury Cases.*—The court passes upon and holds proper several instructions given for the plaintiff.

4. NEGLIGENCE—*And Want of Proper Care.*—" Want of proper care " and " negligence " are substantially synonymous terms; whichever term is used the fact is one to be determined by the jury from all the circumstances developed by the testimony.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Verdict and judgment for plaintiff, $5,000. Appeal by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898. Affirmed. Opinion filed June 21, 1898.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

Even where the evidence is conflicting, if it preponderates strongly in favor of defendant, a verdict against him should be set aside and a new trial granted, and if refused the judgment will be reversed for that error. Chicago, R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; Columbus, C. & I. C. Ry. Co. v. Troesch, 57 Ill. 155; Wade v. Atkins, 58 Ill. 64; Janney v. Birch, Adm'r, 58 Ill. 87; Peaslee v. Glass, 61 Ill. 94; Lincoln v. Stowell, 62 Ill. 84; Davenport v. Springer, 63 Ill. 276; Schwartz v. Lammers, 63 Ill. 500.

ARND & ARND and LYNDEN EVANS, attorneys for appellee.

Where the evidence is conflicting and irreconcilable, the verdict will not be set aside on appeal or error, as against

the weight of the evidence, unless it is so contrary to the evidence as to warrant the inference that it is the result of passion or prejudice or misunderstanding.   Kincade v. Turner, 2 Gilm. (Ill.) 613; Chapman v. Burt, 77 Ill. 337; Miller v. Balthasser, 78 Ill. 302; Stickle v. Otto, 86 Ill. 161.

The verdict can not be set aside as against the weight of evidence, where the evidence is conflicting, inconclusive and irreconcilable, there being nothing to show improper motives; the weight of evidence is for the jury.   Pulliam v. Ogle, 27 Ill. 189; Dunning v. Fitch, 66 Ill. 51; Kightlinger v. Egan, 75 Ill. 141.

The verdict can not be set aside as against the weight of evidence, where the evidence is conflicting and by a fair and reasonable intendment warrants the finding, although the preponderance appears to be the other way.   Lowry v. Orr, 1 Gilm. 70; Chicago & A. R. R. Co. v. Shannon, 43 Ill. 338; Shevalier v. Seager, 121 Ill. 564.

Where the evidence is conflicting and irreconcilable, it is for the jury to weigh it and reject such as it thinks unworthy of belief.   Brown v. Berry, 47 Ill. 175.

Where there is much conflicting evidence, the verdict will not be set aside merely because it is against the weight of evidence.   Morgan v. Ryerson, 20 Ill. 344.

A new trial will not be granted on the ground that the verdict is against the weight of evidence, unless the verdict is manifestly wrong.   Where the evidence is in conflict, it is for the jury to weigh it and decide according to the balance.   Johnson v. Moulton, 1 Scam. (Ill.) 532; Clark v. Pageter, 45 Ill. 185; Jacquin v. Davidson, 49 Ill. 82; Lawrence v. Hageman, 56 Ill. 68; Somers v. Stark, 76 Ill. 208.

The verdict and the judgment are not excessive.   Illinois C. R. R. Co. v. Wheeler, 50 Ill. App. 205; City of Lanark v. Dougherty, 45 Ill. App. 266; Chicago A. P. B. Co. v. Rembarz, 51 Ill. App. 543; West Chicago Street R. R. Co. v. Bode, 51 Ill. App. 440; T. W. W. R. Co. v. Fredericks, 71 Ill. 294; C. & A. R. R. Co. v. Wilson, 63 Ill. 167; Illinois C. R. R. Co. v. Parks, 88 Ill. 373; C. & E. I. R. R. Co. v. Holland, 18 Ill. App. 418.

The court did not err in instructing the jury. Chicago B. & Q. R. R. Co. v. Yorty, 158 Ill. 321; Illinois Central R. R. Co. v. Gilbert, 157 Ill. 354, p. 366.

MR. JUSTICE HORTON delivered the opinion of the court.

This is an action by Sarah B. Brown to recover damages for personal injuries, alleged to have been sustained through the negligence of the North Chicago Street Railroad Company. The declaration consists of one count, and alleges that on the evening of February 15, 1891, the appellee was a passenger on one of the appellant's Lincoln avenue cable cars; and that upon its arrival at Larrabee street, in the city of Chicago, and while the appellee was about to alight with due care, the appellant negligently caused the car to be suddenly started, thereby throwing her to the ground, causing the injuries complained of.

As appears from the evidence, the appellee, while attempting to alight from a car of the appellant at the time and place stated, fell and received certain injuries. Whether this was caused by the negligence of the appellant, while the appellee was in the exercise of ordinary care, is the issue.

At the trial the jury found the issues for the appellee and assessed her damages at $5,000, and judgment having been entered on the verdict, the defendant below brings the record to this court for review.

The jury upon a former trial returned a verdict for the sum of $10,800 damages.

First. The first point urged by appellant is that the verdict and judgment are contrary to the evidence, or, as counsel say in concluding their argument upon this point, "contrary to the preponderance of the evidence." As stated above, this is the second verdict in this case, and is for less than one-half the amount of the first.

It is not necessary to review at length the testimony. As is usual where several witnesses are called to give the details of an accident, they differ. But here the differences are not so great as to justify this court in interfering with the verdict of the jury.

North Chicago St. R. R. Co. v. Brown.

Second.   The next point urged by appellant is that the verdict and judgment are excessive.   The injury to appellee was serious.   Before the injury she was a strong, healthy woman.   For four weeks after the injury she lay at the residence of a Mr. Thomas, and for over five months thereafter she was at the County Hospital.   During these six months she suffered much pain.   For some eight months after leaving the hospital she was compelled to use crutches, and up to the time of the second trial, over six years after the accident, she was still using a cane.   There is testimony tending to show injury to the hip joint.   At the time of the injury she was thirty-five years of age.   There is also testimony tending to show that the injury may be permanent.   The testimony is such that there is no warrant for an inference that the jury was influenced by passion or prejudice.   We can not interfere with this verdict upon the theory that it is excessive.

Third.   The only other point urged by appellant is that the trial court erred in instructing the jury.   Complaint is made as to the giving of two of appellee's instructions, the first of which is as follows, viz:

"If the jury believe from the evidence in this case, that the defendant controlled and operated, for the purpose of carrying passengers for hire, certain street cars upon Lincoln avenue, in the city of Chicago, Cook county, Illinois, and that the plaintiff on or about the 15th day of February, 1891, was a passenger for hire on one of the said cars of the defendant, and that the defendant, by its servant, caused the said car to be stopped for the purpose of allowing passengers to alight therefrom, and the plaintiff was in the act of alighting from said car while said car was so stopped, and while in the act of alighting from said car was using all reasonable care and caution to avoid the injury complained of in the declaration, and that the defendant, through its servant, negligently and carelessly caused said car to be set in motion while the plaintiff was so alighting from said car, and that thereby the plaintiff was injured, then the jury should find the defendant guilty."

The reasons urged against the correctness of this instruction are: (1) That there is no testimony tending to show care on the part of the appellee. upon which to base the instruction; (2) that it entirely omits the question as to whether negligence of appellee was the proximate cause of the injury; and (3), that it requires of appellee reasonable care, but does not instruct the jury as to what is reasonable care.

These objections to this instruction can not be sustained. We do not agree with the counsel that there is no testimony tending to show care on the part of the appellee. All her actions at the time of the injury were fully stated by witnesses. Of course no witness was asked if appellee was exercising proper care; or whether there was negligence on her part. " Want of proper care" and "negligence" are substantially synonymous terms. Whichever term is used, the fact is one to be determined by the jury from all the circumstances developed by the testimony. When this instruction is considered with all the other instructions in the case, it will be seen that the jury could not have been misled or left in ignorance as to what constitutes " reasonable care."

The other instruction complained of is this, viz.:

" The court instructs the jury that if, under the evidence and instructions of the court, the jury find the defendant guilty, then in assessing the plaintiff's damages, the jury may take into consideration not only the loss and immediate damage arising from the injury received at the time of the accident, but also the permanent loss and damage, if any is proved by the evidence, arising from any disability resulting to the plaintiff from the injury in question, which renders her less capable of attending to her business than she would have been if the injury had not been received."

We give appellant's criticism of this instruction in the language of its counsel in their argument, viz.:

" This instruction, as will be seen, also leaves entirely out of view the question whether the injury for which the jury might assess damages was the natural and proximate result of the negligence of the defendant, and it practically

tells the jury that they may assess any damage, whether it be the proximate and natural result of the negligence or that which is more remote."

It should be stated that there is no evidence tending to show any other reason or cause than that of the injury complained of for appellee's illness, pain and suffering or lameness. It is no doubt the law that appellee can not recover in this case for any damages which are not the natural and proximate result of the injury complained of. There is nothing in this instruction which infracts that rule. Indeed, this instruction definitely limits the recovery to damages directly resulting from the injury in question. The language is as to damages, if any, "arising from any disability resulting to the plaintiff from the injury in question." If the disability resulted in whole or in part from any cause other than the injury to appellee produced by her fall when alighting from appellant's car, the jury could not, under this instruction, assess damages therefor.

The judgment of the Circuit Court is affirmed.