Knickerbocker Ice Co. v. Bernhardt.

---

## Knickerbocker Ice Co. v. Herman Bernhardt.

1. NOTICE—*Of Dangerous Places for Employes to Work.*—The fact that cakes of ice occasionally fell off of a runway at an ice house while employes underneath it were engaged in assisting others in transporting the ice from a river to the ice house, is notice to the proprietors of the dangers of the location and requires of them the use of ordinary care for the protection of such employes from danger.

2. DAMAGES—*Where $5,000 is Not Excessive.*—In this case a verdict in favor of the plaintiff for $5,000 does not indicate that the jury were influenced by passion or prejudice.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900. Rehearing denied April 10, 1901.

LOVELL & EARLEY, attorneys for appellant; R. N. BOTSFORD, of counsel.

Robert S. Egan and Ernest C. Luther, attorneys for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This was an action on the case by appellee against appellant to recover damages for injuries alleged to have been sustained by him while engaged in the work of putting up ice for appellant.

Appellee was a German laborer fifty-nine years of age, who had lived in this country only six or seven years and could not speak English. On December 22, 1898, he was engaged in the work of assisting appellant to fill its ice houses at Elgin, Illinois, from ice on the Fox river. At the place where appellee was injured appellant used a runway or elevator, ascending from the edge of the water up to the ice house for the purpose of conveying the ice. On the north side of the elevator was a board walk about three feet wide to accommodate workmen in looking after the ice. Between the river and the ice house there was a scraper fastened to posts on each side of the elevator, the purpose of which was to scrape slush from the cakes of ice going up the elevator. The slush as it was scraped from the cakes fell beneath the elevator into what was known as the slush box. At times the box would get full and the slush would interfere with the operation of the elevator. A man was usually kept at the slush box, however, shoveling slush out of the way. On the day in question the man engaged in that work had neglected his duty to some extent and the overseer called appellee from the river, where he had been engaged at work in pushing ice, to take his place at the slush box. He had been engaged there about two hours when a large piece of ice, weighing some fifty pounds, fell from the elevator and struck him, inflicting, as he claims, severe injuries. The jury gave a verdict in favor of appellee for $5,000. A motion for a new trial was overruled and judgment entered upon the verdict.

No question of law is raised in this case, but it is insisted by appellant that it used ordinary care for the

Knickerbocker Ice Co. v. Bernhardt.

safety of its employes and was guilty of no negligence; that appellee was not in the exercise of ordinary care for his own safety at the time of the accident; that appellee was not in fact seriously injured and that the damages are excessive.

The place where appellee was set at work was a dangerous one. It appeared that pieces of ice were often pushed from the runway at this point by the scraper. The only shelter for the man working at the box was the sidewalk above, three feet in width, but this had no guard rail to keep the ice from going over its side and consequently did not give very much protection. The fact that cakes of ice fell off the runway at this point before, was notice to the company of the danger of the location, but they did nothing to protect their employes from the danger. Appellee, when placed at work at the box, was not warned of the danger to which he subjected himself, and there is nothing in the evidence to show that he knew of the same. Under such circumstances there can be no question of the liability of appellant for such injuries as occurred to appellee. That appellee was injured is not questioned, but the extent of the injury was seriously contested and was the subject of much testimony. All the questions of fact were, however, fairly submitted to the jury, and their findings appear to have been fully warranted by the evidence. We would have been much better satisfied with the verdict, however, had the amount of the damages not been fixed at so high a figure. But upon a consideration of all the evidence we can not say that the jury were influenced by passion or prejudice, and under such circumstances there is ample authority for sustaining the verdict. I. C. R. R. Co. v. Treat, 75 Ill. App. 327; Alton P. B. & F. B. Co. v. Hudson, 74 Ill. App. 612; Gibson Co. v. Glizozinski, 76 Ill. App. 400.

The judgment of the court below will therefore be affirmed.