DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

DURING THE YEAR 1902.

---

### City of Chicago v. Clara Merwin, a Minor, by Her Next Friend.

1. APPELLATE COURT PRACTICE—*Duty to Set Aside Verdicts Which Are the Result of Passion and Prejudice.*—It is the duty of the Appellate Court to set aside verdicts which clearly appear to be the result of passion or prejudice.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in the Branch Appellate Court at the October term 1901. Opinion filed December 30, 1902. Remittitur filed and cause affirmed, January 5, 1903.

JOHN E. OWENS and SIGMUND ZEISLER, attorneys for appellant.

DEVINE & O'CONNELL, attorneys for appellee; C. L. MAHONY, of counsel.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This was an action to recover loss sustained by reason of personal injury brought about, as was contended, by the negligence of the city.

It appeared upon the trial that the plaintiff, then a girl

(168)

five years of age, stepped through a defective sidewalk and sustained a fracture of the thigh bone. She was immediately taken to a hospital, where she was attended to, her limb being put in a plaster cast. Shortly thereafter she was taken to her home, laid in bed, and had a weight fixed to her limb. She was in bed nine weeks. As a result of the injury, and largely, it would seem, of unskillful or negligent treatment following upon the same, her left leg is shorter than the right and she will always be lame.

She obtained upon the trial a verdict and judgment for $15,000, from which this appeal is prosecuted. It is urged by appellant that the magnitude of the verdict indicates such passion and prejudice on the part of the jury that the judgment should be set aside and the cause remanded for a new trial, and that the court should not affirm upon a remittitur. Counsel for appellee indicate that they are willing the court should order an affirmance upon a remittitur, such as the court deems proper to be made. The duty once exercised by the Supreme Court, of setting aside verdicts which clearly appear to be the result of passion or prejudice, has been cast upon the Appellate Court. This duty we are required to exercise in accordance with rules and practice established by a long line of authorities, among which are: Chicago, B. &. Q. R. R. Co. v. Avery, 10 Ill. App. 210; Chicago & N. W. R. R. Co. v. Cummings, 20 Ill. App. 333; North Chicago Street Ry. Co. v. Wiswell, 68 Ill. App. 443; Chicago, Anderson Press Brick Co. v. Sobkowiak, 34 Ill. App. 312; Village of Evanston v. Fitzgerald, 37 Ill. App. 86; Stearns v. Reidy, 33 Ill. App. 246; City of Joliet v. Mac-Craney, 49 Ill. App. 381; Grossman v. Cosgrove, 75 Ill. App. 385; Gibson v. Glizozinski, 76 Ill. App. 400; North Chicago Street Ry. Co. v. Brown, 76 Ill. App. 654; North Chicago St. Ry. Co. v. Hoffart, 82 Ill. App. 539; Chicago, B. & Q. R. R. Co. v. Hazzard, 26 Ill. 373; Chicago and Rock Island Ry. Co. v. McKean, 40 Ill. 218; Peoria Bridge Association v. Loomis, 20 Ill. 236; Ill. Cent. Ry. Co. v. Welch, 52 Ill. 183; Toledo, Wabash & Western Ry. Co. v. Fredericks, 71 Ill. 294; Ill. Cent. Ry. Co. v. Ebert, 74 Ill. 399; Northern Packet v.

Binninger, 70 Ill. 571; C. R. I. & Pac. Ry. Co. v. McKittrick, 78 Ill. 619; Chicago West`Division Ry. Co. v. Hughes, 87 Ill. 94; Chicago & Alton Ry. Co. v. Murray, 71 Ill. 601; City of Chicago v. Herz, 87 Ill. 541; Loewenthal v. Strong, 90 Ill. 74.

The verdict in this case was for very much more than the evidence warranted. We believe it was the result of a feeling that it was necessary to punish the city for its negligence in permitting the sidewalk at which the plaintiff was injured to be in the condition it was, and that the jury did not arrive at its conclusion from a calm consideration of the amount that should be awarded as compensation for the injury received. If the plaintiff shall within ten days remit from the judgment the sum of $7,500, the judgment will, less the remittitur, be affirmed as of its date, otherwise the judgment will be reversed and the cause remanded.