## ANDREW M. ORR

### *v.*

## JAMES WATERSON.

*Opinion filed June 19, 1907.*

1. MASTER AND SERVANT—*master does not insure that appliances furnished by him are reasonably safe.* The law requires that a master shall exercise reasonable care to furnish reasonably safe appliances with which his servant is to work, but does not hold him liable as an insurer in case of an injury from a defective appliance if there has been no negligence upon his part.

2. SAME—*when an instruction states master's duty too broadly.* An instruction telling the jury that "it is the duty of the employer to furnish the employees suitable and reasonably safe appliances with which to work, and a neglect or failure to do so is negligence," states the master's duty too broadly and is reversible error.

3. PLEADING—*what is not fatal variance between pleadings and proofs*. An allegation in a declaration that the master furnished plaintiff a certain chain with which to load logs, a defect in which caused plaintiff's injury, is supported by proof that the chain was, in fact, furnished to another employee of the same master engaged in the same work, whom plaintiff was instructed by the master to assist in loading the logs.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Wabash county; the Hon. J. R. CREIGHTON, Judge, presiding.

E. B. GREEN, and THEODORE G. RISLEY, for appellant.

M. H. MUNDY, and H. R. FOWLER, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

James Waterson recovered a judgment for personal injuries in the Wabash county circuit court for $4000 against Andrew M. Orr. The judgment has been affirmed by the Appellate Court for the Fourth District, and defendant below has prosecuted this further appeal.

The negligence charged in the declaration is the alleged failure of appellant to furnish appellee with reasonably safe appliances with which to perform the work assigned to him. Appellee was employed by appellant to haul saw logs from appellant's land to a saw-mill located at another point on appellant's premises. Appellant furnished appellee with a team of horses, a log wagon, log chains, a timber hook and an ax. Appellant also had in his employ a man by the name of Moutray, who was also engaged in hauling saw logs for appellant, and who had been furnished by appellant with a team and wagon and other appliances similar to those furnished to appellee. On the day of the accident appellee left his own team and went to where Moutray was attempting to load his wagon, for the purpose of assisting Moutray in loading a log. A chain was attached to the log and the log

was pulled onto the wagon by the horses. Appellee was standing behind the log for the purpose of chocking it on the bolster. The horses were backed in order to give slack to the chain, and when this occurred the chain parted, caused by the hook with which it was fastened dropping off the chain. The wagon appears to have been standing on sloping ground, and when the chain parted and the log· was released it rolled off the wagon and caught appellee between the log and a tree, inflicting the injuries for which this suit is brought. No motion was made below to direct a verdict, hence the question is not presented whether the plaintiff has a right to recover under the evidence.

Appellant assigns error upon the second and thirteenth instructions given at the instance of appellee. Instruction numbered 2 is as follows:

"The court instructs you that it is the duty of the employer to furnish the employees suitable and reasonably safe appliances with which to work, and a neglect or failure to do so is negligence on his part. Such an obligation is permanent and cannot be avoided by him by delegating that power to another, and the employee has the right to presume that appliances furnished him are reasonably safe, and govern himself accordingly."

The objection to this instruction is, that it told the jury that it was "the duty of the employer to furnish the employees suitable and reasonably safe appliances with which to work, and a neglect or failure to do so is negligence on his part." This instruction stated the duty of the master in regard to furnishing the servant with reasonably safe machinery, tools and appliances too broadly. The master does not insure that the machinery, tools and appliances supplied by him to his servants shall be reasonably safe. The duty that he owes in this regard is personal, in the sense that it cannot be delegated to another so as to relieve the master from liability for negligence, but the duty is not absolute. All that the master is required to do is to exercise

reasonable care and prudence in selecting and supplying what he requires in his business, such as every prudent man is expected to employ in providing himself with the conveniences of his occupation. (2 Cooley on Torts, 1141; *Toledo, Wabash and Western Railway Co.* v. *Fredericks,* 71 Ill. 294; *Camp Point Manf. Co.* v. *Ballou,* 71 id. 417; *Chicago, Rock Island and Pacific Railroad Co.* v. *Lonergan,* 118 id. 41; *Weber Wagon Co.* v. *Kehl,* 139 id. 644.) The rule well established by many decisions of this court is, that the law imposes upon the employer the obligation to use reasonable and ordinary care and diligence in providing suitable and safe machinery. The right to recover does not necessarily arise from the fact of an injury produced by some defect in the machinery or appliances employed in the master's business, but it must also appear that the master has been guilty of negligence in respect to such machinery or appliances. The instruction under consideration did not limit the master's duty to the exercise of reasonable care in the selection and supplying of appliances, but required that he should, at his peril, select those that were reasonably safe. In this there is manifest error.

Instruction numbered 13 given on behalf of appellee is as follows:

"You are instructed by the court that if you believe, from a preponderance of the evidence, that James Waterson, the plaintiff, was employed by the defendant, A. M. Orr, or any of his authorized agents who had authority there to do, or that the said defendant, or any of his said agents, ordered the plaintiff, either directly or indirectly, to go upon a hillside with one Ollie Moutray and load logs together on wagons, and that said defendant, or any of his said agents, furnished the plaintiff, or the said Moutray, a defective chain and grab-hook, or a defective grab-hook or a defective chain, and that the plaintiff, while exercising due care and caution for his own safety, undertook to load a log on the said wagon with said chain and grab-hook,

together with the said Ollie Moutray, and that in consequence of said defect in said hook and chain, or either of them, the plaintiff sustained an injury, in manner and form as set up in plaintiff's declaration, while so loading said log with said chain and said hook, then you should find for the plaintiff in any sum which the evidence shows plaintiff has sustained because of said injury, not to exceed $8000."

This instruction is open to the same objections pointed out to instruction No. 2. Under this instruction appellant is made liable if he furnished a defective appliance which caused the plaintiff's injury, without regard to the degree of care that appellant may have exercised in respect to said appliance.

Appellant contends that the court erred in modifying instructions 6 and 7 requested by him. These instructions, in their original form, told the jury, in substance, that the declaration charged defective appliances furnished by appellant to appellee, and that the evidence proved that the chain, the alleged defect in which produced the injury, had been furnished to Moutray by appellant, and that by reason of this variance between the declaration and the evidence the plaintiff could not recover. The court so modified these instructions as to make the alleged variance depend on the fact whether appellee was at the time of the accident assisting Moutray by request or direction of appellant. While, as a legal proposition, proof that appliances furnished for Moutray would be at variance with the charge that they were furnished to Waterson, still appellee contended that he and Moutray were engaged in the same line of business and that appellant had instructed them to work together and assist each other in loading. Whether such direction had been given was a question of fact for the jury. The instructions as requested entirely ignored appellee's contention on the question of fact involved. The modifications by the court were proper. The instructions without the modifications took away from the jury all consideration of the evidence

bearing on the question of the instruction to work together and assist each other. There was no error in the modifications complained of, but for the error in giving instructions 2 and 13 the judgment must be reversed and the cause remanded, which is accordingly done.

*Reversed and remanded.*