## John McDonald, Appellee, v. Joliet Bridge & Iron Company, Appellant.

## Gen. No. 5500.

MASTER AND SERVANT—*duty to furnish appliances.* The master is only obligated to exercise ordinary care to furnish reasonably safe appliances and he is not liable for an injury resulting from a hidden defect in an appliance which ordinary care and prudence would not have discovered.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the HON. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1911. Reversed and remanded. Opinion filed October 13, 1911.

J. L. O'DONNELL, T. F. DONOVAN and J. A. BRAY, for appellant.

JOHN W. D'ARCY, for appellee.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

This is an appeal by the Joliet Bridge & Iron Company from a judgment of the circuit court of Will county for $10,000 in favor of John McDonald for personal injuries received while in the employ of appellant.

Appellee was assisting in raising and placing in position what is called a "batter post" in the steel frame of a building. This post was twelve feet long and weighed about two tons and corresponds to the lower part of a rafter of a frame building. The lower part of this post when in place would rest on a post at the southwest corner of the building. The post it rests on is twenty-two feet high, is built up of iron and has on the top an iron plate about three feet square with

attachments to support and hold the lower end of the batter post together with the plate or chord of the building. The batter post extends upwards at an angle of forty-five degrees to the top of another post nine feet above and east of the plate. There were iron extensions at each end of the batter post called lugs which fit into jaws or spaces for them, and holes were drilled in the lugs by which the batter post was to be securely riveted to the iron it was to be attached to. This batter post was the last piece of the iron framework of the building to be placed in position. Owing to the location of certain columns, this batter post could not be placed in position with the steam crane and a platform was built inside the building on which a hand derrick equipped with ropes and pulleys was set up to lift the batter post into place from the platform where it had been placed by the crane. The batter post was raised and suspended on the derrick by an inch rope but was not placed in position before dinner time; after dinner when the men were working to get it in place the post slipped off the corner post on which one end rested and falling with a jerk broke the rope and crashed to the ground. Appellee, before the post fell, was standing on a narrow ledge of the plate west of the post steadying himself with his left hand on the post, and using a pinch-bar with his right hand to pinch the post into place. When the post fell, he lost his balance and fell upon the batter post on the ground, breaking an arm and a leg.

Appellee's contention is that the rope was not strong enough and that it had been left exposed to the weather and had become wet and was partly rotted; while appellee contends that the batter post did not fall because of any defect in the rope but by the post slipping off the plate, and that it was the sudden jerk that broke the rope which was otherwise sufficient, and that appellee with his pinch-bar, or a fellow servant with a pinch-bar, who stood opposite to appellee, pinched the

post off the plate, and therefore it was the negligence of appellee or his fellow servant that caused the injury. There is evidence tending to prove that what was done by the employes was by the direction of the foreman, but as the case must be reversed for error in instructions, we express no opinion concerning appellee's right to recover or as to the amount of the judgment.

The third original count and the second additional count of the declaration each alleges that the defendant "negligently and wrongfully provided a hand windlass with rope attached thereto which was not reasonably safe for use in lifting the said structural iron into its position in the building" etc.

The sixth instruction told the jury that if they believed from the evidence that the plaintiff has proven the allegations contained in any of the counts by a preponderance of the evidence, and that plaintiff was in the exercise of reasonable care for his own safety and that such injury was caused by or through the negligence of defendant as alleged in any or either of said counts, and that such injury was not the result of an assumed risk or the negligence of a fellow-servant, then the plaintiff is entitled to recover.

This instruction states the duty of the master in regard to furnishing the employe with reasonably safe machinery, tools and appliances stronger than the law requires. "The master does not insure that the machinery, tools and appliances supplied by him to his servants shall be reasonably safe. The duty that he owes in this regard is personal, in the sense that it cannot be delegated to another so as to relieve the master from liability for negligence. All that the master is required to do is to exercise reasonable care and prudence in selecting and supplying what he requires in his business, such as every prudent man is expected to employ in providing himself with the conveniences of his occupation. (2 Cooley on Torts, 1141; Toledo,

Wabash and Western Railway Co. v. Fredericks, 71 Ill. 294; Camp Point Mfg. Co. vs. Ballou, 71 id. 417; Chicago, Rock Island and Pacific Railroad Co. v. Lonergan, 118 id. 41; Weber Wagon Co. v. Kehl, 139 id. 644.) The rule well established by many decisions of this court is, that the law imposes upon the employer the obligation to use reasonable and ordinary care and diligence in providing suitable and safe machinery. The right to recover does not necessarily arise from the fact of an injury produced by some defect in the machinery or appliances employed in the master's business, but it must also appear that the master has been guilty of negligence in respect to such machinery or appliances." Orr v. Waterson, 228 Ill. 138. It may be that this rope was defective and that the appellant had no knowledge thereof, and would not have ascertained such defect by inspection and ordinary prudence. The appellant is not responsible for some hidden defect in the rope, which ordinary care and prudence would not have discovered, and yet under the instruction given the jury were authorized to find appellant responsible although it may have used ordinary care and prudence in selecting and using the rope. The instruction prescribing a higher degree of liability than the law requires, the giving of it was reversible error. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*